IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| JESUS C. BARRIENTOS, | ) | CASE NO. 05-33417-H3-7 |
| | ) | |
| Debtor | ) | |
| | ) | |

MEMORANDUM OPINION

The court heard the Motion To Show Cause (Docket No. 6) filed by the Chapter 7 Trustee, Randy W. Williams. After review of the motion, the responses thereto (Docket Nos. 7, 11, and 17), the pleadings, evidence and testimony, the court makes the following Findings of Fact and Conclusions of Law. A separate Judgment will be entered ordering Dion Craig to disgorge attorney's fees in the amount of $500.00 to Debtor, sanctioning Bernal Law Group, Inc. and Select Financial Solutions, Inc. the sum of $1,000 each, payable to Debtor, and ordering Bernal Law Group, Inc. to pay the Trustee $600, representing reimbursement of costs for the Trustee's attendance at this show cause hearing. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

FINDINGS OF FACT

1. Debtor, Jesus C. Barrientos, filed a voluntary Chapter 7 bankruptcy proceeding on March 7, 2005. Docket No. 1. Randy W. Williams ("Trustee") was appointed the Chapter 7 Trustee.

2.  Counsel of record on the bankruptcy petition is Dion Craig.  The Trustee testified that the first meeting of creditors pursuant to 11 U.S.C. § 341 was set to be held on April 4, 2005 but since no one appeared, it was rescheduled.  At the reset creditors' meeting, held on April 18, 2005, Debtor appeared without counsel. Debtor does not speak English.  The Trustee conducted the meeting and examined Debtor with a United States Trustee staff member (who was not a professional translator) able to serve that day as a translator.  The court notes that Craig did appear later that day but subsequent to the scheduled section 341 meeting.

3.  The information the Trustee received from the creditors' meeting raised concerns about unauthorized fee splitting, failure to disclose the true nature of the representation of Debtor, and unauthorized practice of law.  In addition, the Trustee noted that the petition reflected that Debtor used the state exemption option instead of the federal exemptions, which the Trustee believes would have been more suited to the Debtor's financial situation, and more favorable for him.

4.  At the creditors' meeting, Debtor testified that he could not pay all of his debts and was unemployed when he saw a television commercial (in Spanish and on a solely Spanish television station) soliciting people to contact Select Financial Solutions, Inc. ("Select") for debt consolidation.

5. Debtor telephoned Select in response to the commercial and spoke with two different representatives about resolving his financial difficulties. All of Debtor's conversations with Select were in Spanish. Debtor was told that in order to consolidate his debts into one payment with a reduced interest rate he would be charged a fee between $5,000 and $6,000. Alternatively, Select suggested that he file bankruptcy for which Select would charge him $1,398. Debtor paid Select $1,398 directly.

6. Thereafter, Debtor received a financial information package from Select. Debtor believes that Select is located in California since the package bore a California post mark. Select is a national debt consolidation and counseling company. Debtor testified that Select referred him to the Bernal Law Group, Inc. ("BLG") located in Downey, California.

7. Debtor was contacted by BLG and spoke with two women (Sarah and Corina) in Spanish. Debtor received prepared bankruptcy forms and schedules from BLG. The forms were prepared by BLG from information obtained from Debtor over the telephone. Thereafter, BLG contacted Debtor and instructed him to contact Dion Craig in Houston, Texas who was to go over the documents with him.

8. Debtor met with Craig at Craig's office. He brought a friend who acted as a translator. Debtor testified he understood what he was signing because of his friend's explanation. Craig

told Debtor to look over the documents and sign them. Craig did not explain to Debtor what would happen in his bankruptcy case.

9. Craig signed the petition as counsel of record and filed the documents in the Southern District of Texas. In connection with his appearance at the creditors' meeting, Debtor testified that although he was advised by BLG to bring a translator to the meeting (because Craig did not speak Spanish), he thought it was Craig's obligation to bring one and thought he would. Neither Debtor nor Craig brought a translator to the creditors' meeting. An employee in the office of the United States Trustee (who was not a professional translator) was able to serve as a translator that day.

10. The statements contained in the Disclosure of Compensation, the Statement of Financial Affairs and the Declaration required by the California Bankruptcy Court are inconsistent with each other and misrepresent the facts as to the compensation received by Craig, BLG and Select.

11. Debtor testified that he paid all fees directly to Select. Select retained $499 of Debtor's payment and transferred the remaining $899 to BLG. BLG retained $399 and paid Craig $500. The information contained on The Statement Pursuant to Rule 2016(B), requiring an attorney to disclose the source and amount of payments received in connection with a case, reflects that Craig was paid or it had been agreed he would be paid by the Debtor in

the amount of $899. It also indicated that $399 of the fee would be paid to Bernal Law Group, Inc. Trustee Exhibit No. 1.

12. Further, the Statement of Financial Affairs indicates that on October 15, 2004 Debtor made payments of $500 to Craig and $399 to Bernal Law Group. There is no reference in this document to Select nor to Select's receiving, sharing, or distributing any of the monies received from Debtor.

13. In addition to the above, a bankruptcy form entitled "Declaration Re: Limited Scope of Appearance Pursuant to Local Bankruptcy Rule 2090-1," required by the bankruptcy court for the Central District of California, was included with the bankruptcy pleadings filed in the Southern District of Texas. It reflects that Craig's fee of $899 was for services limited to preparation and filing of the petition and schedules and representation of the Debtor at the 341(a) meeting.

14. Craig testified that he received a telephone call from BLG in late 2004 in connection with Craig acting as local counsel for some Texas bankruptcy clients. Craig has a probationary license from the State Bar of Texas and has not been admitted to the Southern District of Texas. None of the attorneys in BLG are licensed to practice law in the state of Texas although they are licensed by the State Bar of California.

15. These same disclosure and fee issues exist in two other bankruptcy cases filed in this district, and randomly


assigned to different judges, in which Craig was hired by BLG in the same capacity.[1] Randy Williams, the Trustee in this case, was also the appointed Trustee in both of those cases. One case, Dominga Ramos, is under consideration.[2] In the other case, Martha Zuniga,[3] the Judge found Craig filed defective documents, violated Disciplinary Rules and engaged in the unauthorized practice of law, and ordered the $500 fee disgorged and sanctioned him in the amount of $5,000. That same court ordered BLG to disgorge all fees paid, and to compensate the Chapter 7 Trustee for $2,022.94 representing costs incurred in investigating and prosecuting the matter. The court also sanctioned BLG in the sum of $2,500. These amounts have been paid. Case No. 05-33416-H4-7, Docket No. 23 and 24 and Minutes of 12/19/05 hearing.

16. In connection with the Zuniga case, pursuant to a Stipulation and Agreed Order, Select paid sanctions in the amount of $500 and agreed to initiate no further business in the State of Texas as of December 19, 2005, and not to transact business in the State of Texas as of December 31, 2005. Case No. 05-33416-H4-7, Docket No. 44.

---

[1] Dominga R. Ramos, Case No. 05-33885-H5-7 and Martha Lidia Zuniga, Case No. 05-33416-H4-7.

[2] Dominga R. Ramos, Case No. 05-33885-H5-7

[3] Martha Lidia Zuniga, Case No. 05-33416-H4-7.

17. The Trustee announced at the show cause hearing in the present case that Debtor had been reimbursed $499 by Select and $399 by BLG. In addition to these disgorgements, the Trustee in his Motion requested reimbursement of his costs in investigating and prosecuting this matter and for sanctions. No evidence was presented on the Trustee's costs and the court notes that Randy Williams, the Chapter 7 Trustee in all three cases, was awarded substantial costs in the similar <u>Zuniga</u> case. In the instant case, the Trustee appeared with counsel at the show cause hearing, which lasted two hours. The court finds that an hourly rate of $300 is reasonable and awards $600 to reimburse the Trustee his attorney costs in prosecuting this matter.

18. Select and BLG have already disgorged the amounts received from Debtor. Craig testified and announced that he would willingly disgorge the $500 Debtor paid to him. He also testified credibly that his actions were not intended to harm any debtor and were not done maliciously.

## CONCLUSIONS OF LAW

1. 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b) require full disclosure of compensation paid to the debtor's attorney. A failure to disclose a fee sharing agreement under section 329 or filing an inaccurate and false statement under

Fed.R.Bank.P. 2016(b) warrants the denial of attorney fees.  *Arens v. Boughton (Matter of Prudhomme)*, 43 F.3d 1000 (5th Cir. 1995).

    2.  The admission, designation and discipline of attorneys practicing before this court are governed by Southern District Local Rule 83.1 and Bankruptcy Local Rule 1001(e).  An attorney must apply for admission to practice before the court either by written application and approval to practice at all times in the Southern District of Texas, or by obtaining leave of the adjudicating court to represent a client in a case on a one time basis.  Craig and BLG failed to do either.

    3.  The Texas Disciplinary Rules of Professional Conduct, made applicable to attorneys appearing before the courts of the Southern District of Texas pursuant to District Local Rule Appendix A, Rule 7, apply to Craig and BLG.  Texas Disciplinary Rule 5.05 prohibits the unauthorized practice of law.  Texas requires membership in the State Bar before a person may practice law.  Tex. Gov't Code Ann. §§ 81.051, 81.102(a) (Vernon 2005).

    4.  Texas Disciplinary Rule 1.03 requires an attorney to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.  It also requires an attorney to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

5. Texas Disciplinary Rule 1.04 requires lawyers to communicate the basis of their fee to their clients when they have not regularly represented the client. It also prohibits fees splitting unless the fee is in proportion to the services performed by each lawyer, and only with the written agreement of the client.

6. Texas Disciplinary Rule 3.03 requires candor toward the tribunal. The discrepancies and inaccuracies in the Disclosure Statement, the Statement of Financial Affairs and the California Declaration form as well as the non-disclosure of Select's involvement, establish that Craig and BLG did not exercise candor with the court.

7. An attorney may be sanctioned pursuant to FRCP 11, and Bankruptcy Rule 9011, for violations of the Disciplinary Rules of Professional Conduct, and inherently by the court before which the attorney appears. Southern District Local Rule Appendix A, Rule 10.

8. The court notes that sanctions in the amount of $2,500 were assessed against BLG and $5,000 against Craig in the Zuniga case and that the monies have been paid. The sanctionable actions of BLG and Craig arose out of the same issues in connection with their handling of three cases filed in this district. All of these cases were filed within the same week in March 2005. Craig was counsel of record for all three Debtors pursuant to the same arrangement with BLG and Select.

9. The court finds that the sanctions against Craig are sufficient. BLG and Select are sanctioned in the amount of $1,000 each, these payments to be to the Clerk of Court. Further, the court additionally sanctions BLG in the amount of $600 payable to the Trustee for costs incurred in prosecuting this matter.

Based upon the above findings and conclusions, the court will enter a Judgment in conjunction with this Memorandum Opinion ordering Dion Craig to disgorge the sum of $500 to Debtor, ordering BLG and Select to each pay the sum of $1,000 to the Clerk of Court, and BLG to pay the Trustee $600, with payments to be made within ten days (10) from the date of entry of Judgment.

Signed at Houston, Texas on this 24th day of March, 2006.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE

10